UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE: GREYLOCK MCKINNON ASSOCIATES DATA SECURITY INCIDENT LITIGAITON | CASE NO. 1:24-CV-10797<br><br>**CONSOLIDATED CLASS ACTION** |

## [PROPOSED] FINAL APPROVAL ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

WHEREAS, Plaintiffs submitted to the Court their Unopposed Motion for Final Approval of Class Settlement Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards (D.E. 62);

WHEREAS, on January 31, 2025, the Court entered its Order Granting Preliminary Approval of Class Action Settlement and Conditionally Certifying Settlement Class, which, *inter alia*: (1) preliminarily approved the Settlement; (2) determined that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Federal Rules of Civil Procedure 23 and certified the Settlement Class; (3) appointed Plaintiffs as Class Representatives; (4) appointed Raina Borrelli of Strauss Borrelli PLLC and Jeff Ostrow of Kopelowitz Ostrow P.A. as Class Counsel; (5) approved the form and manner of Notice and the Notice Program; (6) approved the Claim process and Claim Form; and (7) set the Final Approval Hearing date (D.E. 48);

WHEREAS, thereafter, Notice was provided to approximately 20,605 Damages Settlement Class members in accordance with the Court's Preliminary Approval Order by direct Postcard

1

Notice, and the Long Form Notice was available to Settlement Class members on the Settlement Website or on request to the Settlement Administrator;

WHEREAS, a Notice of Settlement was timely mailed to governmental entities as provided for in 28 U.S.C. § 1715;

WHEREAS, on July 9, 2025, the Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards;

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised.

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

2. This Order incorporates the definitions in the Settlement Agreement and all capitalized terms used in this Order have the same meanings as set forth in that Agreement, unless otherwise defined herein.

3. The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice. The Notice and Notice Program fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all other applicable law and rules. The Claims process is also fair, and the Claim Form is easily understandable.

4. The notice to government entities, as given, complied with 28 U.S.C. § 1715.

5. The Settlement is in all respects fair, reasonable, and adequate, after considering all of the Federal Rule of Civil Procedure 23(e)(2) factors, highlighted by evidence that: (A) the Class Representatives and Class Counsel have adequately represented the Settlement Class; (B) the Settlement was negotiated in good faith and at arm's length among competent, experienced counsel; (C) the Settlement relief is adequate taking into account each of the factors set forth in Rule 23(e)(2(C); and (D) the Settlement treats Settlement Class Members equitably relative to each other. The Settlement was reached after the Parties adequately evaluated and considered their positions.

6. All Damages Settlement Class Members were provided an adequate opportunity to request to opt-out from the Settlement or to object to the Settlement in accordance with the Agreement and the Notice. In finding the Settlement fair, reasonable, and adequate, the Court has also considered that there were no objections to or opt-outs from the Settlement, indicating an overwhelming positive reaction from the Settlement Class, and the opinion of competent counsel concerning such matters. The Court has also considered that no objections were made by any of the governmental entities that received notice under 28 U.S.C. § 1715.

7. [If applicable: A list of the individuals who have opted-out of the Settlement is attached hereto as *Exhibit A*. Those individuals will not be bound by the Agreement or the Releases contained therein.]

8. Based on the information presented to the Court, the Claim process has proceeded as ordered and consistent with the Agreement and Preliminary Approval Order. All Damages Settlement Class Members who submitted Valid Claims shall receive their Cash Payment pursuant to the Settlement's terms. All Damages Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the

Settlement and Releases therein.

9. The distribution plan for Cash Payments proposed by the Parties in the Agreement is fair, reasonable, and adequate.

10. The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

11. Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

12. All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Order.

13. The appointment of Plaintiffs as Class Representatives is affirmed.

14. The appointment of Raina Borrelli of Strauss Borrelli PLLC and Jeff Ostrow of Kopelowitz Ostrow P.A. as Class Counsel is affirmed.

15. The Court affirms its findings that the Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for only the purposes of the Settlement in that: (1) the number of Settlement Class Members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class Members; (3) the claims of the Class Representative are typical of the claims of the Settlement Class Members; (4) the Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent the Settlement Class; (5) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (6) a class action is superior to the other available

methods for the fair and efficient adjudication of the controversy. Further, the Court concludes the Settlement Class is ascertainable, based on objective criteria.

16. Therefore, the Court finally certifies the following Settlement Class:

The Damages Settlement Class means all individuals residing in the United State whose Social Security number was affected by the Data Incident and who were mailed notice of the Data Incident by the Defendant or its designee on or prior to May 1, 2025.

The Injunctive Relief Settlement Class means all individuals residing in the United Sates whose Private Information was affected by the Data Incident.

Excluded from the Settlement Class are (1) the judges presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest, and its current or former officers and directors; and (3) Damages Settlement Class Members who submit a valid request to opt-out prior to the Opt-Out Deadline.

17. Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits.

18. As of the Effective Date, and in exchange for the relief described in the Settlement, the Releasing Parties hereby fully and irrevocably release and forever discharge the Released Parties from the Released Claims.

19. In consideration for the Agreement and the consideration set forth therein, Plaintiffs and Settlement Class Members and Releasing Parties acknowledge that the Releases and the release herein include potential claims and costs that may not be known or suspected to exist, and that Plaintiff and the Settlement Class Members hereby agree that all rights under California Civil Codes § 1798.100 *et seq.*, § 17200 *et seq.*, and/or § 1542, and any similar law of any state or territory of the United States, are expressly and affirmatively waived. <u>California Civil Code § 1542</u> states as follows:

5

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

20. If, consistent with the plan of distribution set forth in the Settlement, there are funds remaining in the Settlement Fund 45 days following the 180-day check negotiation period, all remaining funds shall be distributed to Future of Privacy Forum, which the Court approves as the *cy pres* recipient.

21. Pursuant to Federal Rule of Civil Procedure 23(h), settlement Class Counsel is awarded $200,000.00 for attorneys' fees and $5,177.12 for costs. These payments shall be made out of the Settlement Fund in accordance with the Agreement. The Court evaluated Class Counsel's request using a constructive common fund analysis applying First Circuit precedent in *In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 307 (1st Cir. 1995), and concludes that amount is appropriate under the factors listed in *Mongue v. Wheatleigh Corp.*, No. 3:18-cv-30095-KAR, 2024 U.S. Dist. LEXIS 69928, at *13 (D. Mass. Apr. 16, 2024).

22. The Settlement Class Representatives shall be awarded Service Awards in the amount of $2,500.00 each. The Service Awards shall be payable out of the Settlement Fund in accordance with the Agreement.

23. Plaintiff and all Settlement Class Members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

24. This Order, the Agreement, the negotiations leading to the Settlement, administration of the Settlement, and any pleadings, motions, or other documents specifically related to the Agreement shall not be: (a) construed as an admission or concession by Defendant of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind on the part of Defendant; (b) the subject of discovery or offered into evidence in this Action or any other action or proceeding for any purpose other than to enforce the Agreement (or for the purposes set forth in this paragraph); and (c) used in any way as precedent for any purportedly similar matter involving Defendant. Nothing in this paragraph, however, shall prohibit the offering or receipt of the Agreement into evidence for purposes of enforcing the Settlement or to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion.

25. The Court hereby retains and reserves jurisdiction over: (1) implementation of this Settlement and any distributions to the Settlement Class Members; (2) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (3) all Parties, for the purpose of enforcing and administering the Settlement. This Order does not, however, bar Defendant from choosing to seek to enforce the Releases against any Settlement Class Member in any other court or tribunal.

26. [If applicable: With the exception of those listed on *Exhibit A*,] all Settlement Class Members shall be bound by this Order.

27. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to implement any of the provisions of the Agreement.

28. There being no just reason for delay, the Clerk of Court is hereby directed to enter

final judgment forthwith pursuant to Federal Rules of Civil Procedure 58.

DONE and ORDERED in Chambers in Boston, Massachusetts, this 9th day of July, 2025.

_____
JUDGE DENISE J. CASPER
UNITED STATES DISTRICT JUDGE